**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

WARLYN ROSARIO,

Plaintiff,

v.

ATTORNEY GENERAL OF NEW JERSEY, in her official capacity; COUNTY OF PASSAIC; PASSAIC COUNTY PROSECUTOR'S OFFICE; CITY OF PATERSON; PATERSON POLICE DEPARTMENT; JULIO C. GONZALEZ, individually and in his official capacity; BERGEN COUNTY; BERGEN COUNTY SHERIFF'S OFFICE; THE CHAIR OR EXECUTIVE DIRECTOR OF THE NJ STATE PAROLE BOARD, in official capacity only; LOUIS ROCHA, individually and in his official capacity; and JOHN DOES 1–20, and XYZ Corp(s) 1–20,

Defendants.

Civil Action No. 26-1267 (SDW) (JSA)

**OPINION**

November 2, 2026

**WIGENTON**, District Judge.

Before this Court are Defendants City of Paterson (the "City"), Paterson Police Department, and Detective Julio G. Gonzalez (collectively, the "City Defendants"),[1] County of

[1] The City Defendants contend that the Paterson Police Department is "not a separate suable entity" as it lacks the "right to sue or be sued distinct from the municipality itself." (D.E. 25-1 at 7.) Plaintiff agrees. (D.E. 32 at 9–10.) So does this Court. *See* N.J. STAT. ANN. § 40A:14-118 (stating a police department is "an executive and enforcement function of municipal government"); *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("[P]olice departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." (quoting *DeBellis v. Kulp*, 166 F.

Passaic (the "County"), Attorney General of New Jersey (the "Attorney General"), Passaic County Prosecutor's Office ("PCPO"), Chairman of the New Jersey State Parole Board (the "Chairman"), and Parole Officer Louis Rocha's (collectively, the "State Defendants" and together with the City Defendants and the County, the "Defendants") Motions to Dismiss (D.E. 25, 28 & 31 ("Motions")) Plaintiff Warlyn Rosario's ("Plaintiff") Complaint (D.E. 1) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).[2] Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, the Motions are **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiff Warlyn Rosario brings this lawsuit, which arises from his alleged "wrongful arrest, indictment, and prolonged pretrial detention." (D.E. 1 ("Compl.") ¶ 1.) On December 4, 2023, a carjacking and robbery occurred in Paterson, New Jersey outside an "after-hours establishment" called the Mamajuana Café. (*Id.* ¶¶ 23, 30.) The two suspects fled, and no firearm was recovered from the scene. (*Id.* ¶¶ 24–25.) Thereafter, Plaintiff was arrested and incarcerated for more than one year. (*See id.* ¶¶ 37–38.)

According to Plaintiff, surveillance footage from the nearby RISE Dispensary showed two suspects entering Mamajuana Café at approximately 11:51pm on December 3, 2023, and remained there until closing. (*Id.* ¶¶ 29–30.) Plaintiff alleges that at that same time, he was captured on his

---

Supp. 2d 255, 264 (E.D. Pa. 2001))). Thus, all claims against the Paterson Police Department are hereby dismissed.

[2] Citations to "D.E." refer to docket entries in the Court's Electronic Case Filing System for this matter and any internal citations contained therein, unless otherwise indicated.

home surveillance footage at his residence and then transporting his nephew to another residence. (*Id.* ¶ 31.) Plaintiff also alleges that Defendants withheld the RISE Dispensary video surveillance footage for over one year and disclosed it to Plaintiff on January 16, 2025. (*Id.* ¶ 33.) On March 28, 2025, all criminal charges against Plaintiff were dismissed. (*Id.* ¶ 40.)

### B. Procedural Background

On February 9, 2026, Plaintiff brought his Complaint, alleging violation of the Fourth Amendment for false arrest, false imprisonment, and prolonged pretrial detention (Count I), violation of the Fourteenth Amendment for Brady violations and fabrication of evidence (Count II), and municipal liability (Count III) all under 42 U.S.C. § 1983 and separately in violation of the New Jersey Civil Rights Act ("NJCRA"), N.J. STAT. ANN. § 10:6-2 (Count IV); common law tort claims for false imprisonment and negligent supervision (Count V); and declaratory and injunctive relief (Count VI). (*Id.* ¶¶ 41–79.)

Defendants move to dismiss Plaintiff's Complaint. (D.E. 25, 28, 31.) The parties timely completed briefing. (D.E. 25, 28, 31, 32–34, 37–38, 42.)

## II. LEGAL STANDARD[3]

Upon deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted, federal courts "must accept as true all material allegations set forth

[3] The State Defendants bring their Motion to Dismiss (D.E. 31) pursuant to both Rules 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion to dismiss that raises an Eleventh Amendment sovereign immunity defense is considered a facial attack. *Cf. Orden v. Borough of Woodstown*, 181 F. Supp. 3d 237, 243–44 (D.N.J. 2015) ("A motion to dismiss on the grounds of state sovereign immunity is properly brought pursuant to Rule 12(b)(1) because the Eleventh Amendment 'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.'" (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996))). A facial attack "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.,* construing the alleged facts in favor of the nonmoving party." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Thus, this Court will assess all claims in the Motions herein by applying the same standard pursuant to Rule 12(b)(6).

in the complaint" and "construe those facts in favor of the nonmoving party." *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). This analysis is twofold. First, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions" and second, must determine if those facts are "sufficient to show that the plaintiff" has pleaded a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

A claim for relief must be "plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard does not necessitate a "probability requirement" but instead imposes "more than a sheer possibility that a defendant has acted unlawfully." *In re Schering Plough*, 678 F.3d at 243 (quoting *Iqbal*, 556 U.S. at 678). When evaluating a motion to dismiss, federal courts "may consider documents that are attached to or submitted with the complaint" or "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1357 (4th ed. 2026)).

## III. <u>DISCUSSION</u>

### A. Absolute Immunity

Plaintiff brings Counts I, II, IV, V, and VI against all Defendants, including the State Defendants. (Compl. ¶¶ 41–57, 64–79.) The State Defendants argue that they cannot be held liable for these claims, among other reasons, because they are entitled to absolute immunity under the Eleventh Amendment. (D.E. 31 at 16–24.)

The Eleventh Amendment of the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

The Eleventh Amendment has been interpreted to "immunize an unconsenting state 'from suits brought in federal courts by her own citizens as well as by citizens of another state.'" *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 658–59 (3d Cir. 1989) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Its protections extend to agencies and officers of the state "as long as the state is the real party in interest." *Id.* at 659.

The Third Circuit established a three-pronged test in *Fitchik v. New Jersey Transit Rail Operations, Inc.* to ascertain whether an entity is an "arm of the state" and thus "the real party in interest" protected by Eleventh Amendment immunity:

> (1) Whether the money that would pay the judgment would come from the state . . . (whether payment will come from the state's treasury, whether the agency has the money to satisfy the judgment, and whether the sovereign has immunized itself from responsibility for the agency's debts);
>
> (2) The status of the agency under state law (this includes four factors—how state law treats the agency generally, whether the entity is separately incorporated, whether the agency can sue or be sued in its own right, and whether it is immune from state taxation); and
>
> (3) What degree of autonomy the agency has.

*Id.* at 658–59.

Under Third Circuit law, state prosecutors "are absolutely immune from liability under [42 U.S.C. § 1983] for actions performed in a quasi-judicial role." *Yarris v. Cnty. of Del.*, 465 F.3d 129, 135 (3d Cir. 2006). Such protected conduct must be "intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v.*

*Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial immunity applies equally to county prosecutors who "act as officers of the State" upon "engag[ing] in classic law enforcement and investigative functions." *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996); *Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 836–37 (3d Cir. 2009) (same); *see Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 857–58 (3d Cir. 2014) ("*Fitchik* provides the proper framework for analyzing Eleventh Amendment sovereign immunity as it applies to county prosecutors[.]").

Prosecutorial immunity does not attach to administrative functions such as "training, supervision and discipline" because those responsibilities "do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Carter v. City of Phila.*, 181 F.3d 339, 354 (3d Cir. 1999); *Est. of Lagano*, 769 F.3d at 855 ("When county prosecutors perform administrative functions 'unrelated to the duties involved in criminal prosecution,' however, they act as county officials" and not "as officers of the State." (quoting *Coleman*, 87 F.3d at 1505–06)). Thus, the determinative inquiry as to entitlement to absolute immunity is whether the officer was "functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris*, 465 F.3d at 136 (quoting *Buckley*, 509 U.S. at 273–74).

Similarly, the New Jersey Parole Board and its employees thereunder, including parole officers, engaging "in adjudicatory duties" are entitled to immunity under the Eleventh Amendment. *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989); *Glover v. N.J. State Parole Bd.*, No. 17-2889, 2017 WL 3671249, at *2 (D.N.J. Aug. 25, 2017) ("The [New Jersey] Parole Board, a state agency, is entitled to Eleventh Amendment immunity from suit in federal court."); *Holmes v. Christie*, No. 16-1434, 2023 WL 8016055, at *6–7 (D.N.J. Nov. 17, 2023) (finding executive director of parole board entitled to absolute immunity).

Here, each of the State Defendants is entitled to absolute immunity pursuant to the Eleventh Amendment. First, the Complaint asserts a sole allegation against the Attorney General for exercising "supervisory and operational control over the Paterson Police Department." (Compl. ¶ 20.) However, Plaintiff's claim against the Attorney General cannot be predicated upon the alleged behavior of the Paterson Police Department, a non-suable entity that is herein dismissed. *See Padilla*, 110 F. App'x at 278; (*see also supra* note 1.) Without detailed allegations as to any viable alleged conduct, Plaintiff's claim against the Attorney General, an irrefutable arm of the State, is defeated by absolute immunity. *See, e.g.*, *Hockaday v. N.J. Att'y Gen.'s Off.*, No. 16-0762, 2016 WL 6694483, at *6 (D.N.J. Nov. 14, 2016) ("The Attorney General's Office . . . [is] indisputably . . . [a] 'subunit[] of the State,' entitled to Eleventh Amendment immunity." (quoting *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 197–98 (3d Cir. 2008))).

Further, the Complaint advances only one allegation against the PCPO for exercising "investigative and administrative authority over the investigation, evidence handling, discovery decisions, and identification procedures" pertaining to Plaintiff's previously dismissed criminal case. (Compl. ¶ 13.) These alleged actions either constitute "law enforcement and prosecutorial functions" on their face—conducting an investigation, handling evidence, or making discovery decisions—or are "policy decisions that require legal knowledge and discretion," all of which are protected by the Eleventh Amendment. *Hyatt*, 340 Fed. App'x at 836–37. Nevertheless, any remaining ambiguity supports that Plaintiff's allegation is insufficient to show he has pleaded any plausible claim against the PCPO. *See Fowler*, 578 F.3d at 210–11. Both the Attorney General and the PCPO are entitled to absolute immunity.[4]

[4] Counts I, II, IV, V, and VI as against the County are similarly dismissed, as they are predicated upon the acts of the PCPO, an entity entitled to sovereign immunity, and thus cannot be imputed to the County. (*See* Compl. ¶ 12 (defining the County as "responsible for the policies, customs,

Likewise, the Complaint sets forth threadbare allegations against the Executive Director simply "for the policies, customs, practices, supervision, and training of State Parole Officers" and against Parole Officer Rocha as a "New Jersey State Parole Officer" without anything more. (Compl. ¶¶ 18–19.) Without sufficiently detailed allegations as to the alleged unconstitutional conduct of Parole Officer Rocha, in his official capacity, or of the Executive Director, and whether that conduct comprises adjudicatory or administrative conduct, the two are entitled to absolute immunity as employees of the New Jersey State Parole Board. *Glover*, 2017 WL 3671249, at *2 (holding that the New Jersey State Parole Board, as "a state agency, is entitled to Eleventh Amendment immunity from suit in federal court"); *Holmes*, 2023 WL 8016055, at *6–7 (holding executive director of parole board shielded from liability by Eleventh Amendment); *Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir. 1986) (finding that parole officer who heard evidence and made recommendation to parole board performed "plainly an adjudicatory function" and was entitled to absolute immunity).

Given the foregoing, Counts I, II, IV, V, and VI as against the State Defendants in their official capacities are barred by the Eleventh Amendment and are hereby dismissed.

**B. Group Pleading**

Plaintiff's claims are otherwise dismissed because Plaintiff fails to comport with Rule 8(a) and engages in group pleading. A group pleading "fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Est. of Patsourakis v. Twp. of Marlboro, New Jersey*, No. 25-12278, 2026 WL 2095181, at *3

---

practices, supervision, and training of the [PCPO]"); *see also Herbert v. Cnty. of Essex*, No. 19-20409, 2020 WL 4218411, at *3 (D.N.J. July 23, 2020) ("So long as a county prosecutor is discharging core prosecutorial functions, he or she is acting as a State, not a County, official and the County cannot be held vicariously liable.").

(D.N.J. July 20, 2026) (quoting *Morales v. New Jersey*, No. 21-11548, 2023 WL 5003891, at *4 (D.N.J. Aug. 3, 2023)). A plaintiff must assert facts establishing "each individual Defendant's liability for the misconduct alleged." *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A group pleading fails to comport with Rule 8's pleading requirements because it "does not provide each defendant fair notice of the claims against them and the grounds upon which they rest." *Cheng v. Byrd*, No. 24-5345, 2024 WL 3873945, at *2 (D.N.J. Aug. 20, 2024). A complaint containing improper group pleading is "insufficient to sustain . . . as a matter of law" and is subject to dismissal. *See McLeod v. Fifth Jud. Dist. of Pa.*, No. 20-1362, 2022 WL 13986832, at *2 (D.N.J. Oct. 24, 2022); *ATR Paper Inc. v. Bangkit (U.S.A.), Inc.*, No. 23-12696, 2024 WL 3518119, at *4 (D.N.J. July 24, 2024).

The Complaint fails to comply with Rule 8(a) and is insufficiently pleaded. It does not establish how each Defendant was involved or participated in the alleged unconstitutional misconduct other than the one vague allegation that Detective Gonzalez "authored the primary investigative reports and disseminated an 'Attempt to Identify' flyer publicly labeling Plaintiff as armed and dangerous." (Compl. ¶ 26.) Instead, Counts I through VI refer ambiguously to "Defendants" but "fail to specify which of the [D]efendants are responsible for which acts or omissions" alleged by Plaintiff and fail to clearly designate "which of the [D]efendants the claim[s] [are] brought against." (*Id.* ¶¶ 42–48, 50–51, 53–57, 63, 65–66, 69–70, 74, 76–77); *Est. of Patsourakis*, 2026 WL 2095181, at *3 (quoting *Morales*, 2023 WL 5003891, at *4)). Without more, Defendants do not receive "fair notice of the claims against them and the grounds upon which they rest." *Cheng*, 2024 WL 3873945, at *2. This is clearcut group pleading. Thus, Counts I through VI are hereby dismissed.

Additionally, Count III, as pleaded against the County and the City, independently fails to state a claim upon which relief can be granted.[5] To prevail on a *Monell* claim, a plaintiff must first establish that a municipality maintains a policy or custom that deprived the plaintiff of his or her constitutional rights. *See McTernan v. City of York, PA*, 564 F.3d 636, 657–58 (3d Cir. 2009) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978)). The existence of a policy is shown when a decisionmaker with final authority "issues an official proclamation, policy, or edict." *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007). Custom can be demonstrated by "showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). Here, the Complaint pleads that the alleged constitutional violations against Plaintiff were caused by "the policies, practices, and customs of the municipal Defendants," the County and the City. (Compl. ¶ 59.) Plaintiff pleads those "policies and customs" included "(a) permitting and encouraging unreliable identification practices; (b) failing to train officers and investigators on the handling of contradictory or exculpatory evidence; (c) tolerating the suppression of material evidence; and (d) ratifying unconstitutional investigative conduct." (*Id.* ¶ 60.) However, Plaintiff does not allege how such an unconstitutional policy, custom, or practice was effectuated, let alone who the decisionmaker with the final authority to promulgate the discriminatory policy, practice, and custom was or detail as to any well-settled and permanent custom. (*See id.* ¶ 59.) It follows that Count III of Plaintiff's Complaint is dismissed on this basis as well.

---

[5] Count III is also brought against the County of Bergen. (*See* Compl. ¶ 59.) This Court ordered the County of Bergen's voluntary dismissal without prejudice, as stipulated between the parties, on April 8, 2026. (D.E. 20.)

Though Counts IV and V are dismissed as improper group pleading, this Court separately notes that because the federal claims are dismissed without prejudice, it will not address the state law claims at this time.[6]

**CONCLUSION**

For the reasons stated above, Defendants' Motions to Dismiss the Complaint are **GRANTED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an Amended Complaint. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Jessica S. Allen, United States Magistrate Judge

[6] If Plaintiff's federal claims are ultimately dismissed with prejudice, this Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."), *aff'd*, 101 F.3d 925 (3d Cir. 1996).